# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS J. GRECO, | |
| Plaintiff, | CIVIL ACTION NO. 3:09-CV-1502 |
| v. | |
| YELLOWPAGES.COM, LLC, and BANK OF AMERICA, INC., | (JUDGE CAPUTO) |
| Defendants. | |

## MEMORANDUM ORDER

Before me is Plaintiff's Motion for Remand (Doc. 5). It turns on whether or not consent was required of Defendant, YellowPages.com, LLC ("Yellow Pages"), in order to effectuate removal under 28 U.S.C. § 1446(b). Because *Laurie v. Nat'l R.R. Passenger Corp.*, 2001 WL 34377958 (E.D. Pa., March 13, 2001) correctly states the applicable law, namely, that a defendant is "required to obtain consent only from those defendants who it knew, or should have known, in the exercise of reasonable diligence, had been served" *(Id.* citing *Milstead Supply Co. v. Casualty Ins. Co.*, 797 F.Supp. 569, 573 (W.D. Tex. 1992), *see also*, *Diloreto v. Costigan*, 2008 WL 4072813 (E.D. Pa., August 27, 2008)), I must determine whether the removing defendant, Bank of America ("BOA"), exercised reasonable diligence in determining whether Yellow Pages had been served when it removed the case to this Court.

Plaintiff filed the Complaint in the Court of Common Pleas of Luzerne County, Pennsylvania, on June 26, 2009. The Complaint seeks relief from BOA under the Fair Credit Billing Act, 15 U.S.C. § 1661(i) and from Yellow Pages under state breach of contract and fraudulent misrepresentation law. BOA was served on July 6, 2009, and on August 6, 2009,

removed the case to this Court. In its Notice of Removal, BOA noted that Yellow Pages had "not yet appeared in this action." (Doc. 1, ¶ 8.) It is undisputed that Yellow Pages was served by certified mail on July 6, 2009, but no evidence of service upon Yellow Pages appeared of record until August 10, 2009. BOA argues that "service" on Yellow Pages had not been effected at the time of removal by BOA because service by mail under Pennsylvania procedural rule is not complete until the return of service is filed with the court. Pa. R. Civ. P. 405. However, § 1446(b) provides that the removal period is triggered by the "receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief . . ." Thus, it is not disputed that Yellow Pages knew of the claims against it within the removal period, and Pa. R. Civ. P. 405 is therefore of no consequence.

BOA claims that it used due diligence to determine if Yellow Pages was served by contacting the Prothonotary of the county court on August 6, 2009 to determine if there was anything on the record/docket indicating that Yellow Pages had been served or otherwise appeared. The Prothonotary advised, and the docket bears out, that there was no service on Yellow Pages or appearance by it noted in the docket.

It is my view that while there is some diligence, it is not, under the circumstances here, "due" diligence. Clearly, Yellow Pages was a party noted on the pleading received by BOA. It would require very little effort to attempt to contact Yellow Pages to see if they indeed had received a copy of the pleading so as to be aware of the claim. This did not occur, and it is my view it should have under the *Laurie/Milstead* standard. The circumstances here, therefore, lead to the conclusion that BOA should have known that Yellow Pages should have provided consent to the removal. *See Laurie* at 2. Therefore, the motion will be

2

granted.

NOW, this 26th day of October, 2009, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand (Doc. 5) is **GRANTED**.

2. The Clerk of Court is directed to remand this case to the Court of Common Pleas of Luzerne County and mark the case closed in this Court.


          /s/ A. Richard Caputo
          A. Richard Caputo
          United States District Judge